THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| TA LOVING AND MCCARTHY BUILDING COMPANIES JOINT VENTURE<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS INDEMNITY COMPANY<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No.: _____ |

## COMPLAINT

Plaintiff T.A. Loving and McCarthy Building Companies Joint Venture ("Talco/McCarthy"), complaining of Travelers Indemnity Company ("Travelers"), alleges and states as follows:

### PRELIMARY STATEMENT

1. This is an action for Breach of Contract, Declaratory Judgment, Bad Faith, and Unfair and Deceptive Trade Practices, arising out of the failure of Defendant Travelers to defend and indemnify Plaintiff under a Commercial General Liability ("CGL") insurance policy.

2. While Talco/McCarthy was building the Eastern Carolina Cardiovascular Institute, a multi-story, state of the art cardiac care facility for Pitt County Memorial Hospital ("the Hospital"), a small fire occurred in a Cardiac Catheterization Laboratory then under construction, causing damage to installed equipment and other property. The fire was started by an employee of Precision Medical Gas ("PMG"), a lower tier subcontractor of Talco/McCarthy's plumbing subcontractor, ABL & Associates Plumbing, LLC, ("ABL")

3. Because of the fire and the resulting property damage, litigation has ensued among Talco/McCarthy, ABL, PMG, the Hospital and others, concerning liability for the accident.

4. Travelers issued primary and excess general liability policies covering the Project under which Talco/McCarthy is an additional insured. The claims against Talco/McCarthy in the litigation allege "property damage" caused by an "occurrence," and are covered by those policies.

5. Although Travelers acknowledged coverage for the accident and a duty to defend when Talco/McCarthy first notified Travelers of claims arising out of the accident in November 2008, Travelers subsequently denied coverage and improperly refused to defend Talco/McCarthy once litigation ensued in February 2009. Travelers' wrongful failure and refusal to defend Talco/McCarthy continues through today.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Talco/McCarthy is a joint venture of T.A. Loving Company, a North Carolina corporation with its office and principal place of business in Goldsboro, Wayne County, North Carolina, and McCarthy Building Companies, Inc., a Missouri corporation, with its registered office in Raleigh, Wake County, North Carolina and principal place of business in St. Louis, Missouri. The companies, individually, and as a joint venture, are engaged in the business of providing general contracting and construction management services. The companies formed the joint venture to construct a project known as the Eastern Carolina Cardiovascular Institute Heart Hospital ("Project").

7. Talco/McCarthy is the construction manager and constructor of the Project. The Project is owned by the Hospital, and is located at 2100 Stantonsburg Road, Greenville, North Carolina.

8. Upon information and belief, Defendant Travelers is a foreign domiciled insurance company with its principal place of business in the State of Connecticut, and is authorized to conduct the business of insurance in the State of North Carolina.

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties and the fact that the amount in controversy, exclusive of interest, costs and attorney's fees, exceeds $75,000.00.

10. Venue is proper in this Court because McCarthy Building Companies, Inc. maintains its registered office in Raleigh, Wake County, North Carolina.

## FACTS

### The Project

11. In February 2006, Talco/McCarthy contracted with the Hospital to build the Project. Construction began in early 2006.

12. Talco/McCarthy entered into a subcontract with ABL to furnish certain plumbing work at the Project.

13. Under the subcontract, ABL agreed to defend, indemnify and hold Talco/McCarthy harmless from and against a broad range of liabilities, including, without limitation, any claims alleging damage to property arising out of, or resulting from the performance of ABL's work, and from any claim, damage, loss or expense caused in whole or in part by ABL or its subcontractors.

14. Also under the subcontract, ABL agreed to procure insurance covering its work on the Project, including a CGL policy naming Talco/McCarthy as an additional insured. In accordance with that requirement, ABL procured Travelers Policy No. DTCO-8273B583, for the policy period February 26, 2008 to February 26, 2009 (the "Policy").

15. The Policy has aggregate limits of $2 million and per occurrence limits of $1 million. Travelers also sold excess liability coverage to ABL covering the Project for the same policy period, under policy No. DTSMC-UP8273B5, with aggregate and per occurrence limits of $5 million.

16. A certificate of insurance dated February 26, 2008, and an accompanying Blanket Additional Insured Endorsement were issued to Talco/McCarthy confirming that it is an additional insured under the Policy with respect to claims for property damage caused by acts or omissions of ABL or its subcontractors in the performance of ABL's work on the Project. A copy of the Certificate and Endorsement is attached as **Exhibit A**.

17. ABL subcontracted a portion of its work on the Project to a lower tier subcontractor, Precision Medical Gas ("PMG").

18. The Project includes the construction of Cardiac Catheterization Laboratories for the Hospital. An integral part of a Cardiac Catheterization Laboratory is the Catheterization Machine ("Cath Machine"). A Cath Machine was installed in what is referred to as "Cath Lab 3."

19. After installation of the Cath Machine in Cath Lab 3, an employee of PMG caused a PVC sleeve to catch fire and burn while performing copper pipe brazing operations. The burning PVC caused smoke to fill Cath Lab 3, which resulted in extensive corrosion of the Cath Machine as well as other copper, aluminum, galvanized steel, and stainless steel items previously installed (the "Accident").

20. The Hospital engaged consultants to examine the equipment and perform environmental testing in areas damaged by the smoke. Ultimately, those consultants concluded

that by reason of the fire the Cath Machine had to be replaced, and other installed property repaired or replaced.

21. Construction operations on the Project were disrupted as a result of the damage.

## The Insurance Claim

22. Talco/McCarthy provided timely notice of the Accident to Travelers.

23. On November 17, 2008, Travelers issued a letter agreeing "to take over the handling of this claim" and to conduct an investigation subject to a reservation of rights.

24. The Hospital, contending that ABL's subcontractor caused the Accident, has withheld $1.9 million dollars from Talco/McCarthy, including funds in connection with ABL's work. No payments have been made by Travelers in connection with the Accident.

25. In February 2009, ABL filed suit against Talco/McCarthy contending that it is due more than $720,000 (this litigation, including all subsequent pleadings, is referred to hereafter as the "Litigation"). The claims asserted by ABL arise directly as a consequence of the property damage caused by the Accident. Talco/McCarthy tendered its defense to Travelers as an additional insured under the Policy. By letter dated February 24, 2009, Travelers wrongfully denied the tender on the grounds that the claims against Talco/McCarthy merely reflected a "refusal to pay for completed work."

26. Talco/McCarthy filed a counter-claim against ABL. ABL subsequently filed a third-party claim against PMG, who in turn filed third-party claims against Talco/McCarthy and the Hospital, among others, seeking to hold them responsible for the Accident.

27. The Hospital has, in turn, demanded that Talco/McCarthy indemnify and hold it harmless from claims arising from the Accident under its contract with Talco/McCarthy, which provides in part that Talco/McCarthy "shall indemnify and hold harmless [the Hospital]...from

and against claims, damages, losses and expenses...arising out of or resulting from the performance of the [Project work], provided that such claim, damage, loss or expense is attributable to...injury to or destruction of tangible property." Talco/McCarthy's contract with the Hospital is an "insured contract" under the Travelers policies.

28. Talco/McCarthy forwarded these additional pleadings to Travelers, and urged Travelers to reconsider its coverage position. Travelers has failed to reconsider its coverage position or provide a defense to Talco/McCarthy in the Litigation.

29. There can be no good faith dispute that the root cause of the claims at issue in the Litigation, including the claims against Talco/McCarthy, is property damage arising from the Accident. Travelers owes Talco/McCarthy a duty to defend the Litigation, but has breached that duty.

30. By failing and refusing to honor its obligations under the Policy, Travelers has damaged Talco/McCarthy. Talco/McCarthy's damages include fees and costs incurred defending the litigation.

31. Talco/McCarthy is subject to claims exceeding $2.0 million as a result of the Accident, including, but not limited to, claims for the cost of replacement of the Cath Machine. The Hospital has already withheld $1.9 million from Talco/McCarthy by reason of the Accident.

32. Travelers is liable for all damages caused by its failure to defend and indemnify Talco/McCarthy including, without limitation, attorneys fees and costs incurred in the Litigation. Travelers must also indemnify Talco/McCarthy for all liability incurred by Talco/McCarthy by reason of the Accident.

## COUNT I
## BREACH OF CONTRACT

33. Talco/McCarthy incorporates and realleges the foregoing paragraphs 1 through 32 as if set forth fully herein.

34. Travelers sold insurance which Talco/McCarthy reasonably expected would provide coverage for claims and liabilities arising from work performed by ABL or ABL's subcontractors on the Project.

35. The Policy is a valid and binding contract.

36. Talco/McCarthy is an additional insured under the Policy.

37. Upon information and belief, all premiums due on the Policy were paid.

38. Plaintiff has complied with all applicable conditions of the Policy, or they have been waived, released or are the subject of an estoppel.

39. Talco/McCarthy provided timely notice to Travelers of the Accident and of property damage at the Project. Talco/McCarthy made due demand upon Travelers to defend, indemnify and hold it harmless from the claims of ABL, PMG and the Hospital.

40. The pleadings in the Litigation allege that Talco/McCarthy is liable for "property damage" caused by an "occurrence," and make clear that the claims against Talco/McCarthy arise out of ABL's scope of work on the Project. As such, they trigger Travelers' duty to defend Talco/McCarthy under the Policy. Talco/McCarthy is entitled under the Policy to a complete defense in the Litigation. Talco/McCarthy is also entitled to indemnification from and against any damages awarded against it by reason of the Accident, together with "Supplementary Payments" under the Policy.

41. Travelers has wrongfully failed and refused to acknowledge its obligations to Talco/McCarthy, including its obligation to provide a defense, despite Talco/McCarthy's

7

DM_US:23205443_1

Case 4:10-cv-00051-FL   Document 1   Filed 04/16/2010   Page 7 of 12

repeated demands that it do so. Travelers' failure and refusal to defend, indemnify, and hold Talco/McCarthy harmless breaches its obligations under the Policy.

42. As a direct, proximate and foreseeable consequence of Travelers' breaches of the Policy, Talco/McCarthy has suffered and will continue to suffer injury and damages. Travelers' is liable to Talco/McCarthy, *inter alia*, for all costs of defense incurred in connection with the Litigation, as well as indemnification of any liability incurred by reason of the Accident.

## COUNT II
## DECLARATORY JUDGMENT

43. Talco/McCarthy incorporates and realleges the foregoing paragraphs 1 through 42 as if set forth fully herein.

44. The Policy obligates Travelers to defend Talco/McCarthy from and against claims alleging property damage caused by acts or omissions of ABL or PMG in the performance of ABL's work at the Project, and to indemnify and hold Talco/McCarthy harmless from any resulting liability. Travelers' obligations include, but are not limited to, sums that Talco/McCarthy has paid or may become obligated to pay to defend, settle, satisfy judgments or otherwise resolve claims arising out of the Accident.

45. The allegations and claims against Talco/McCarthy in the Litigation trigger Travelers' duty to provide Talco/McCarthy with a complete defense.

46. Talco/McCarthy made due demand upon Travelers to defend, indemnify and hold it harmless from the claims in the Litigation. Travelers has wrongfully failed and refused to defend Talco/McCarthy, or to acknowledge its obligation to indemnify and hold Talco/McCarthy harmless from property damages arising from the Accident.

47. Upon information and belief, Travelers disputes one or more of Talco/McCarthy's contentions, as set forth above.

8

DM_US:23205443_1

Case 4:10-cv-00051-FL   Document 1   Filed 04/16/2010   Page 8 of 12

48. An actual, present and bona fide controversy exists between Talco/McCarthy and Travelers concerning their respective rights and obligations under the Policy.

49. Declaratory relief from this Court will terminate some or all of the disputes between the parties, including, without limitation, the extent of Traveler's duty to defend and indemnify Talco/McCarthy for damage arising as a consequence of the Accident.

50. A judicial declaration is necessary to establish the rights and duties of Talco/McCarthy and Travelers under the Policy.

## COUNT III
## BAD FAITH

51. Talco/McCarthy incorporates and realleges the foregoing paragraphs 1 through 50 as if set forth fully herein.

52. Travelers' refusal to defend Talco/McCarthy in the Litigation is unreasonable, without justification, and in breach of the covenant of good faith and fair dealing. There is no valid basis to dispute that the duty to defend has been triggered, and Travelers' refusal to defend Talco/McCarthy evinces a reckless and wanton disregard of the Talco/McCarthy's rights under the Policy.

53. Travelers' refusal to attempt in good faith to effectuate prompt, fair and equitable settlement of the claims against Talco/McCarthy has engendered avoidable Litigation against Talco/McCarthy for which it has and continues to incur costs and attorneys fees.

54. Travelers' unreasonable acts, refusals, and failures to act were consciously calculated to avoid, delay, and ultimately deny coverage on knowingly untenable bases in reckless and wanton disregard of the Plaintiff's rights under the Policy.

55. Talco/McCarthy has suffered and continues to suffer monetary damages as a consequence of Traveler's bad faith conduct.

DM_US:23205443_1

9

Case 4:10-cv-00051-FL   Document 1   Filed 04/16/2010   Page 9 of 12

56.     As a further consequence of Traveler's bad faith conduct, the Hospital has withheld contract balances otherwise due to Talco/McCarthy; Talco/McCarthy has been unable to close out the Project; and Talco/McCarthy has been drawn into, and must defend itself against, Litigation relating to the losses at issue. Talco/McCarthy is entitled to recover all costs and expenses flowing from Travelers' bad faith conduct, as well as punitive damages.

## COUNT IV
## VIOLATION OF N.C.G.S. § 75.1-1, UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

57.     Talco/McCarthy incorporates and realleges the foregoing paragraphs 1 through 56 as if set forth fully herein.

58.     Travelers has engaged in unfair and deceptive trade practices by, among other things, refusing to defend Talco/McCarthy in the Litigation, and failing to make efforts to effectuate a prompt, fair and equitable settlement of the claims.

59.     Travelers' actions, committed with respect to the business of insurance, are in and affect commerce.

60.     Travelers' acts and failures to act, as outlined above, constitute unfair and deceptive trade practices. As a direct, proximate and foreseeable result of Travelers' unfair and deceptive trade practices, Plaintiff has suffered injury, including the damages set forth above. Under N.C.G.S. § 75.1-1, Plaintiff is entitled to treble damages, together with the costs and expense, including reasonable attorneys fees, incurred pursing this action.

DM_US:23205443_1

10

Case 4:10-cv-00051-FL     Document 1     Filed 04/16/2010     Page 10 of 12

# REQUEST FOR RELIEF

WHEREFORE, Talco/McCarthy prays judgment in its favor and against Travelers as follows:

    A.    For money damages, including (a) all fees and costs incurred defending the Litigation; (b) all sums for which Talco/McCarthy is held liable because of the Accident; and (c) all additional damages flowing from the breaches described above, in an amount to be determined at trial;

    B.    For declaratory relief, as set forth in Count II above;

    C.    For punitive damages in an amount sufficient to punish Travelers for breach of the duty of good faith and fair dealing;

    D.    For treble damages, as allowed under N.C.G.S. § 75.1-1;

    E.    For pre-judgment interest, together with such other and additional interest to which it is entitled under law;

    F.    For costs and attorney's fees incurred in this action, under N.C.G.S. § 75.1-1 and the common law of North Carolina;

    G.    Plaintiff demands a jury trial on all issues so triable; and

    H.    For such other and further relief as the Court deems just and proper.

This 16 April 2010.

/s/ David T. Dekker
David T. Dekker, Esq.
State Bar No.: 358173
Laura Thomson, Esq.
State Bar No.: 982948
HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Counsel for Plaintiff
*T.A. Loving & McCarthy Building Companies, a joint venture*

/s/ Joseph E. Propst
Joseph E. Propst, Esq.
N.C. State Bar No. 26127
JORDAN PRICE WALL GRAY
JONES & CARLTON, PLLC
1951 Clark Avenue
Post Office Box 10669
Raleigh, NC 27605
*jpropst@jordanprice.com*
Telephone: (919) 828-2501
Facsimile: (919) 834-8447

Local Civil Rule 83.1 Counsel for Plaintiff
*T.A. Loving & McCarthy Building Companies, a joint venture*